Erica A. Maharg (SBN 279396)
Email: eam@atalawgroup.com
AQUA TERRA AERIS LAW GROUP
4030 Martin Luther King Jr. Way
Oakland, CA 94609
Telephone: (510) 473-8793

Sarah Spinuzzi (SBN 305658)
Email: sarah@coastkeeper.org
ORANGE COUNTY COASTKEEPER
3151 Airway Avenue, Suite F-110
Costa Mesa, California 92626
Telephone: (714) 850-1965

*Attorneys for Plaintiff*
ORANGE COUNTY COASTKEEPER

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORANGE COUNTY COASTKEEPER, a California non-profit corporation,<br><br>      Plaintiff,<br><br>    v.<br><br>KINGSPAN LIGHT & AIR, LLC, a Delaware limited liability company;<br><br>      Defendant. | **Civil Case No.:** 8:20-cv-01498-DOC<br><br>**CONSENT DECREE   [19]**<br><br><br>**(Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq.)** |

## CONSENT DECREE

The following Consent Decree is entered into by and between Plaintiff Orange County Coastkeeper and Defendant Kingspan Light & Air LLC. The entities entering into this Consent Decree are each an individual "Settling Party" and collectively "Settling Parties" or "Parties."

**WHEREAS**, Orange County Coastkeeper ("Plaintiff" or "Coastkeeper") is a non-profit public benefit corporation organized under the laws of the State of California;

**WHEREAS,** Coastkeeper is dedicated to the preservation, protection and defense of the surface, ground, coastal and ocean waters of Orange County from all sources of pollution and degradation;

**WHEREAS**, Defendant Kingspan Light & Air, LLC (referred to herein as "Kingspan") operates an industrial manufacturing facility at: 302 E. Goetz Ave., Santa Ana, CA 92707 (the "302 Location") and 401 E. Goetz Ave., Santa Ana, CA 92707 (the "401 Location"), together the "Kingspan Facility" or "Facility";

**WHEREAS**, the Kingspan Facility produces skylights and architectural daylighting and ventilation systems. Industrial activities at the Facility consist of manufacturing operations; storage of fiberglass insulation, sand, wooden pallets, tools, and intermediate and final products; and delivery truck operations. The Facility is categorized under SIC code 3442—Metal Doors, Sash, Frames, Molding, and Trim Manufacturing;

**WHEREAS**, stormwater discharges associated with industrial activity at the Facility are regulated by 1) the National Pollutant Discharge Elimination System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board], Water Quality Order No. 2014-57-DWQ, and recently amended Order No. 2015-0122-DWQ incorporating: A) Federal Sufficiently Sensitive Test Method Ruling; B) TMDL Implementation Requirements; and C) Statewide Compliance Options Incentivizing On-Site or Regional Storm Water Capture and Use ("General Permit")

and 2) the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.* ("Clean Water Act" or "CWA"), Sections 301(a) and 402, 33 U.S.C. §§ 1311(a), 1342;

WHEREAS, Plaintiff alleges that operations at the Facility result in discharges of pollutants into waters of the United States and are regulated by the Clean Water Act Sections 301(a) and 402, 33 U.S.C. §§ 1311(a), 1342;

WHEREAS, the General Permit requires all permittees, including Kingspan, to comply with, *inter alia*, the following mandates: (1) develop and implement a stormwater pollution prevention plan ("SWPPP") and a stormwater monitoring implementation plan ("MIP"); (2) control pollutant discharges using, as applicable, best available technology economically achievable ("BAT") or best conventional pollutant control technology ("BCT") to prevent or reduce pollutants through the development and application of Best Management Practices ("BMPs"), which must be included and updated in the SWPPP; (3) when necessary, implement additional BMPs to reduce and eliminate discharges necessary to comply with any and all applicable Water Quality Standards ("WQS"), including as of July 1, 2020, compliance with the Permit's water-quality based numeric effluent limits ("NELs"); and (4) implement a monitoring and reporting program designed to assess compliance with the General Permit;

WHEREAS, on June 12, 2020, Plaintiff issued a notice of intent to file suit ("60-Day Notice") to Kingspan, its registered agent, the Administrator of the United States Environmental Protection Agency ("EPA"), the Executive Director of the State Water Resources Control Board ("State Water Board"), the Executive Director of the Santa Ana Regional Water Quality Control Board ("Regional Water Board"), and the Regional Administrator of EPA Region IX, alleging violations of the Clean Water Act and the General Permit at the Facility;

WHEREAS, on August 12, 2020, Coastkeeper filed a complaint against Kingspan in the Central District of California, Civil Case No. 8:20-cv-01498-DOC-DFM ("Complaint");

**WHEREAS**, Plaintiff's Complaint alleged violations of the General Permit and CWA for pollutants discharged from three (3) discharge points at the Facility to the municipal separate storm sewer system, which flows to the Santa Ana Delhi Channel, the Upper Newport Bay, the Lower Newport Bay, and the Pacific Ocean (collectively referred to as the "Receiving Waters");

**WHEREAS**, Kingspan denies all allegations in the 60-Day Notice and the Complaint and reserves all rights and defenses with respect to such allegations and claims;

**WHEREAS**, the Settling Parties agree that it is in their mutual interest to enter into a Consent Decree setting forth terms and conditions appropriate to resolving the allegations set forth in the 60-Day Notice and Complaint without further proceedings;

**WHEREAS**, all actions taken by Kingspan pursuant to this Consent Decree shall be made in compliance with all applicable federal, state and local rules and regulations.

**NOW THEREFORE, IN FURTHERANCE OF THIS CONSENT DECREE ONLY, IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1.  The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a)(1)(A) of the CWA, 33 U.S.C. § 1365(a)(1)(A).

2.  Venue is appropriate in the Central District Court pursuant to Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), because the Facility at which the alleged violations are taking place is located within this District.

3.  The Complaint states a claim upon which relief may be granted against Kingspan pursuant to Section 505 of the CWA, 33 U.S.C. § 1365.

4.  Coastkeeper has standing to bring this action.

5.  The Court shall retain jurisdiction over this action for purposes of interpreting, modifying, or enforcing the terms of this Consent Decree, or as long

thereafter as necessary for the Court to resolve any motion to enforce this Consent Decree, but only regarding issues raised within the term of this Consent Decree.

## I.    OBJECTIVES

6.    It is the express purpose of the Settling Parties through this Consent Decree to further the objectives of the Clean Water Act and to resolve all issues alleged by Coastkeeper in its 60-Day Notice and Complaint. These objectives include compliance with the provisions of this Consent Decree, compliance with all terms and conditions of the General Permit, and compliance with all applicable sections of the CWA.

## II.    AGENCY REVIEW AND CONSENT DECREE TERM

### A.  Agency Review of Consent Decree

7.    Agency Review. Plaintiff shall submit this Consent Decree to the United States Department of Justice ("DOJ") and the EPA (the "Federal Agencies"), within three (3) business days of the final signature of the Parties, for agency review consistent with 40 C.F.R. § 135.5. The agency review period expires forty-five (45) days after receipt by the Federal Agencies, as evidenced by certified return receipts, copies of which shall be provided to Kingspan. In the event that the Federal Agencies object to entry of this Consent Decree, the Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies.

8.    Court Notice. Plaintiff shall notify the Court of the receipt date by the Federal Agencies, as required by 40 C.F.R. § 135.5 to ensure compliance with the mandatory 45-day review period.

9.    Entry of Consent Decree. Following expiration of the Federal Agencies' 45-day review period, Plaintiff shall submit the Consent Decree to the Court for entry.

### B.  Effective Date and Term of Consent Decree

10.    Effective Date. The Effective Date of this Consent Decree shall be the date of entry by the Court.

11.     <u>Term & Termination</u>. This Consent Decree shall terminate two (2) years after the implementation of the Advanced Treatment Plan (as defined in Paragraph 14.2) or four (4) years from the Effective Date, whichever is later, unless one of the Settling Parties has invoked Dispute Resolution in accordance with Section IV of this Consent Decree, in which case the Consent Decree will terminate within the earlier of fifteen (15) days of notice by the Settling Parties that invoked Dispute Resolution that the dispute has been fully resolved or an order of the Court resolving the dispute and terminating the Consent Decree.

12.     <u>Early Termination</u>. Notwithstanding Paragraph 11 above, starting with the 2021-2022 reporting year,[1] if Kingspan has no exceedances of any numeric limit in Table 1 of this Consent Decree ("Table 1 Limits") for eight (8) consecutive sampling events, this Consent Decree shall terminate at the expiration of the reporting year of the last such sampling event, provided that any outstanding payments under this Consent Decree have been made to Coastkeeper.[2] Upon completion of such payments, including stipulated payments, if any are required, this Consent Decree will terminate without further notice. If Kingspan ceases industrial operations at the Facility and files a Notice of Termination ("NOT") under the General Permit prior to the termination of this Consent Decree, Kingspan shall send Coastkeeper a copy of the proposed NOT concurrently as it is submitted to the Regional Board. Within ten (10) calendar days of the Regional Board's approval of the NOT, Kingspan shall notify Coastkeeper in writing of the approval and remit all outstanding payments, including stipulated payments, if any are required, to Coastkeeper and this Consent Decree will terminate without further notice.  In the event Kingspan ceases industrial operations at

---

[1] As defined in the General Permit, a reporting year begins on July 1 and ends on June 30.
[2] Qualification for early termination is based on individual sample results; no averaging shall be considered.

either but not both of the 401 Location or the 302 Location, then, Kingspan shall notify the Stormwater Multiple Application and Report Tracking System ("SMARTS") of the date of cessation of industrial operations, with a copy to Coastkeeper consistent with the requirements of Paragraph 30, and, provided any outstanding payments under this Consent Decree have been made to Coastkeeper, Kingspan shall have no further obligation pursuant to this Consent Decree as to that Location as of the date of Kingspan's cessation of industrial operations at that Location.

## III.    COMMITMENTS OF THE SETTLING PARTIES

### A.    Storm Water Pollution Control Best Management Practices

13.    <u>Current and Additional Best Management Practices</u>. In addition to maintaining the current BMPs described in the Facility's SWPPP, Kingspan shall (1) develop and implement the BMPs identified herein, and (2) develop and implement pursuant to Paragraphs 22-23 such additional BMPs as may be necessary to achieve the Table 1 Limits.

14.    <u>401 Location Structural BMPs</u>

14.1.    Kingspan shall develop, fully install, and operate advanced treatment to treat all storm water discharging from the 401 Location consistent with the flow-based BMP standards from the General Permit (Section X.H.6.b) and sufficient to meet the Table 1 Limits.

14.2.    Within sixty (60) days of the Effective Date or July 1, 2021, whichever is later, Kingspan shall submit to Coastkeeper a plan detailing the advanced treatment system to be installed at the 401 Location pursuant to Paragraph 14.1 ("Advanced Treatment Plan"). The Advanced Treatment Plan shall include the manufacturer of the advanced treatment system; the specifications meeting the flow-based BMP standard from Section X.H.6.b of the General Permit; a description of

how the advanced treatment system will achieve Table 1 Limits; and an implementation schedule for acquiring any necessary permits, ordering equipment, and other steps necessary to install and make the advanced treatment system operational. Coastkeeper shall have fifteen (15) days upon receipt of the plan to provide Kingspan with comments. Within fifteen (15) days of receiving Coastkeeper's comments, Kingspan shall respond to each of Coastkeeper's comments by explaining how it has modified the Advanced Treatment Plan accordingly or why it does not feel it is appropriate to do so. Any disputes as to the adequacy of the Advanced Treatment Plan shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section IV below.

14.3.    Provided the Advanced Treatment Plan is not disputed, no later than September 30, 2021, Kingspan will prepare and submit the documents necessary to obtain all legally required permits, approvals, and authorizations for implementing the Advanced Treatment Plan.  Kingspan shall notify Coastkeeper within ten (10) days of receipt of all legally required permits, approvals, and authorizations for implementing the Advanced Treatment Plan.

14.4.    Kingspan will implement the Advanced Treatment Plan as soon as practicable, but no later than 180 days, after receipt of all required permits, approvals, and authorizations.

15.    302 Location Structural BMPs: As of the Effective Date, Kingspan shall install and maintain a catch basin filter, designed to reduce pollutant concentrations sufficient to meet Table 1 limits, at the catch basin at the 302 Location.

16.    Facility-Wide BMPs:

16.1.    No later than October 31, 2021, Kingspan shall install a berm designed to minimize or eliminate run-on from the areas adjacent to the Facility as shown in Exhibit A.

16.2.    No later than July 1, 2021, Kingspan shall install and maintain downspout filters to treat all stormwater running off the buildings at the Facility that discharges to storm drains, as shown in Exhibit A.

16.3.    As of the Effective Date, Kingspan shall vacuum sweep the impervious exterior surfaces of the Facility at least once a day from October 1 through May 31 and at least once a week at all other times of the year.  Kingspan shall maintain a log of sweeping events to document compliance with this Paragraph and shall provide Coastkeeper with a copy of these records within fifteen (15) business days of receipt of a written request.

**B.  Sampling at the Facility**

17.    Kingspan shall develop a MIP consistent with the General Permit. During the term of this Consent Decree, Kingspan shall collect samples of storm water discharge from each discharge location identified in the Facility's SWPPP ("Discharge Location"). Kingspan shall collect storm water samples from each Discharge Location from at least four (4) qualified storm events ("QSEs") as defined in and required by the General Permit in each reporting year (i.e., two QSEs during the first half of the reporting year and two QSEs during the second half of the reporting year). If, prior to March 1 of a reporting year, Kingspan has collected samples from two (2) or fewer QSEs, Kingspan shall, to the extent feasible, collect samples during as many QSEs as necessary until a minimum of four (4) storm events have been sampled for the reporting year. The requirement to sample four (4) QSEs shall not apply to the extent there are fewer than four (4) QSEs in any given reporting year, if Kingspan has otherwise complied with this Paragraph. Any failure to collect samples from four (4) QSEs in a reporting year or as otherwise required by this Consent Decree shall be documented and submitted to Coastkeeper by June 30 of that reporting year.

18.     <u>Sampling Parameters</u>. All samples collected pursuant to this Consent Decree shall be analyzed for the parameters listed in Table 1.

19.     <u>Laboratory and Holding Time</u>. All samples, other than pH samples, will be sent to a California state certified environmental laboratory for analysis within allowable hold times, pursuant to 40 C.F.R. Part 136. Analysis of samples for pH will be conducted onsite using a calibrated portable instrument for pH in accordance with the manufacturer's instructions.

20.     <u>Detection Limit</u>. Kingspan shall request that the laboratory use analytical methods adequate to detect the individual contaminants at or below the values specified in the General Permit and Table 1 below.

21.     <u>Reporting</u>. Kingspan shall provide complete laboratory results of all samples collected at the Facility pursuant to the requirements of the General Permit to Coastkeeper simultaneously as they are submitted to SMARTS (no later than thirty (30) days from receipt of laboratory results). Kingspan may satisfy this requirement by providing notice to Coastkeeper via email that said documents have been uploaded to SMARTS.

**C.  Reduction of Pollutants in Discharges**

22.     <u>Numeric Limits and Action Plan Triggers</u>. Kingspan shall develop and implement BMPs to reduce pollutants in storm water at the Facility to levels at or below those in Table 1. With regards to the 401 Location following implementation of the BMPs described in Paragraph 14, and with regards to the 302 Location following implementation of the BMPs described in Paragraph 15, and for the remainder of the term of this Consent Decree, the Action Plan requirements set forth in Paragraph 23 shall be triggered if, for any individual constituent in Table 1, there is one (1) or more exceedances of the instantaneous numeric limit or an average annual exceedance of a non-instantaneous numeric limit in stormwater samples collected from a QSE as set

forth in Paragraph 17. A sample result shall not be considered an exceedance for the purpose of triggering an Action Plan for any analyte other than zinc, if Kingspan has submitted to Coastkeeper a Non-Industrial Pollutant Source Demonstration and/or Natural Background Source Demonstration consistent with the requirements of Section XII.D.2 of the General Permit demonstrating to Coastkeeper's reasonable satisfaction that the pollutant contribution from its industrial activities by itself does not result in an exceedance of the applicable Table 1 Limit.

**Table 1. Numeric Limits for Storm Water Discharges**

| Analyte | Instantaneous Numeric Limit | Non-Instantaneous Numeric Limit | Source of Limit |
|---|---|---|---|
| Total Suspended Solids | 400 mg/L | 100 mg/L | 2015 EPA Benchmark General Permit, Table 2 |
| Nitrate+Nitrite-Nitrogen | -- | 0.68 mg/L | 2015 EPA Benchmark General Permit, Table 2 |
| Zinc[3] | 0.095 mg/L | -- | General Permit, Attachment E, Table E-2 |
| Iron | -- | 1.0 mg/L | 2015 EPA Benchmark General Permit, Table 2 |
| Oil and Grease | -- | 15 mg/L | 2015 EPA Benchmark General Permit, Table 2 |
| Aluminum | -- | 0.75 mg/L | 2015 EPA Benchmark General Permit, Table 2 |
| pH | 6.5-8.5 s.u. | -- | Basin Plan |

23. <u>Action Plan for Table 1 Exceedances</u>. In the event that the requirement to prepare an Action Plan is triggered at the Facility pursuant to Paragraph 22, Kingspan shall prepare a plan for reducing and/or eliminating the discharge of the contaminant

---

[3] For the Zinc standard in Table 1 sampling analysis shall be recorded in dissolved metals.

in question at the Facility ("Action Plan"). In any reporting year that an Action Plan is required, it shall be submitted no later than August 15 of the following reporting year. In no event will more than one (1) Action Plan and one (1) Action Plan Payment be required for the Facility in any reporting year.

      23.1.    <u>Action Plan Requirements</u>. Each Action Plan submitted shall include at a minimum: (1) the identification of all contaminant(s) discharged in excess of the numeric limit(s) in Table 1; (2) an assessment of the source of each contaminant exceedance; (3) the identification of any additional BMPs that shall be implemented to achieve compliance with the numeric limit(s), as well as the design plans and calculations of such additional BMPs, if any; and (4) time schedules for implementation of the proposed BMPs. The time schedule(s) for implementation shall ensure that all BMPs are implemented as soon as practicable, but in no case later than October 1 of the upcoming reporting year for non-structural BMPs (for example, housekeeping BMPs) and December 31 of the upcoming reporting year for structural BMPs (for example, implementation of alternative filter media in the advanced treatment system) unless otherwise mutually agreed to by the Parties. Kingspan shall notify Coastkeeper in writing when the Action Plan has been implemented.

      23.2.    <u>Action Plan Review</u>. Coastkeeper shall have thirty (30) days upon receipt of Kingspan's Action Plan to provide Kingspan with comments. Within thirty (30) days of receiving Coastkeeper's proposed revisions to an Action Plan, Kingspan shall consider each of Coastkeeper's recommended revisions and accept them or justify in writing why any comment is not incorporated. Action Plan(s) developed and implemented pursuant to this Consent Decree are an obligation of this Consent Decree. Any disputes as to the adequacy of the Action Plan shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section IV below.

23.3.    <u>Action Plan Payments</u>. Kingspan shall pay Five Thousand Dollars ($5,000) each time an Action Plan is submitted to Coastkeeper. Payments shall be made to "Orange County Coastkeeper" and delivered by overnight delivery, unless payment via wire transfer, to: Orange County Coastkeeper, 3151 Airway Avenue, Suite F-110, Costa Mesa, CA 92626. Failure to submit a payment as required under this Paragraph will constitute a breach of the Consent Decree.

**D. Visual Observations**

24.    <u>Storm Water Discharge Observations</u>. During the term of this Consent Decree, Kingspan shall conduct visual observations at each Discharge Location consistent with the requirements of the General Permit when sampled as a result of a QSE.  Such visual observations shall be conducted during the Facility's normal operating hours.

25.    <u>Non-Storm Water Discharge Observations</u>. During the life of this Consent Decree, Kingspan shall conduct monthly non-storm water visual observations at each discharge location consistent with the requirements of the General Permit.

26.    <u>Visual Observations Records</u>. Kingspan shall maintain observation records to document compliance with Paragraphs 24 and 25 and shall provide Coastkeeper with a copy of those records within fifteen (15) business days of receipt of a written request from Coastkeeper for those records.

27.    <u>Employee Training Program</u>. Within forty-five (45) days of the Effective Date, Kingspan shall identify and develop and implement an employee training program for those Kingspan personnel who have responsibility for the implementation of any portion of the SWPPP, including the MIP, or compliance with other terms of the General Permit or this Consent Decree ("Designated Employees"), to reflect the new measures that are contained in this Consent Decree.

27.1.    Training shall be provided by a Qualified Industrial Storm

Water Practitioner ("QISP", as defined in Section IX.A of the General Permit) familiar with the requirements of this Consent Decree and the General Permit.

27.2.    All Designated Employees shall participate in the training program annually. New Designated Employees shall participate in the training program within thirty (30) days of their hiring date.

27.3.    Kingspan shall maintain training records to document compliance with this Paragraph and shall provide Coastkeeper with a copy of these records within fifteen (15) business days of receipt of a written request.

28.    <u>SWPPP and MIP Revisions and Update</u>. Within forty-five (45) days of the Effective Date, Kingspan shall amend the Facility's SWPPP and MIP to incorporate the requirements in this Consent Decree and to identify the positions and persons responsible for carrying out storm water management, monitoring, sampling, and SWPPP implementation. Kingspan agrees to submit the updated SWPPP and MIP to Coastkeeper upon completion for review and comment.

28.1.    <u>Review of SWPPP and/or MIP</u>. Coastkeeper shall have thirty (30) days from receipt of the amended SWPPP and/or MIP to propose any changes. Within thirty (30) days of receiving Coastkeeper's comments and proposed changes to the SWPPP, Kingspan shall consider each of the comments and proposed changes and either accept them or justify in writing why a change is not incorporated.

28.2.    Kingspan shall revise the SWPPP and MIP if there are any material changes in the Facility's operations, including but not limited to changes in Discharge Locations or BMPs within thirty (30) days of the changes, which will be subject to Coastkeeper's review and comment as provided in Paragraph 28.1 above.

28.3.    The Parties agree to work in good faith to resolve any disputes with respect to the SWPPP or MIP, and any remaining disputes will be resolved through timely initiation of the dispute resolution procedures in Section IV

below.

## E. Compliance Monitoring and Reporting

29.     Every year during the life of this Consent Decree, Coastkeeper may conduct two site inspections per reporting year ("Site Inspection"), one during wet weather and one during dry weather, for the purpose of ensuring compliance with this Consent Decree and the General Permit.

29.1.     In the event of a dispute regarding Kingspan's compliance with this Consent Decree and provided a Site Inspection would be relevant to resolving the Parties' dispute, the Parties agree to meet and confer regarding an additional Site Inspection for the term of the Consent Decree at Plaintiff's request. Plaintiff shall not unreasonably request, and Kingspan shall not unreasonably deny, one additional Site Inspection.

29.2.     Any Site Inspection shall occur during normal business hours, and Coastkeeper will provide Kingspan with at least twenty-four (24) hours' notice prior to a Site Inspection in anticipation of wet weather and seventy-two (72) hours' notice during dry weather. For any Site Inspection requested to occur in wet weather ("Wet Weather Inspection"), Plaintiff shall be entitled to adjust timing or reschedule during normal business hours as identified in the SWPPP in the event the forecast changes and anticipated precipitation appears unlikely, and thus frustrates the purpose of visiting the Facility in wet weather. Notice will be provided by telephone and electronic mail to the individual(s) designated below at Paragraph 55.

29.3.     The conduct of Coastkeeper and any of its representatives during any Site Inspection shall be limited to the exterior of Facility buildings and structures and governed by the Access Agreement attached hereto as Exhibit B to this Consent Decree.

29.4.     During the Wet Weather Inspection, Plaintiff may ask

Kingspan to collect and provide to Coastkeeper a split sample of industrial storm water discharge from the Facility's designated industrial discharge point(s) referenced in its SWPPP, to the extent that such discharges are occurring. Coastkeeper shall be permitted to take photographs or video recording (subject to approval by Kingspan as set forth in Exhibit B) during any Site Inspection and retain a split sample of any industrial storm water discharged sampled on behalf of Coastkeeper. If Coastkeeper takes photographs, video recordings, or other recordings during any Site Inspection, it shall provide Kingspan with copies of such photographs or recordings within five (5) business days after the Site Inspection.

30. <u>Document Provision</u>. During the term of this Consent Decree, Kingspan shall notify and submit documents to Coastkeeper as follows:

30.1. Kingspan shall copy Coastkeeper on all compliance documents, monitoring and/or sampling data, written communications and/or correspondences, or any documents related to storm water quality at the Facility that are submitted to the Regional Board, including documents submitted via SMARTS; the State Board; and/or any state or local agency, county or municipality.

30.2. Any compliance document, inspection report, written communication and/or correspondence, or any document related to storm water quality at the Facility received by Kingspan from the Regional Board, the State Board, and/or any state or local agency, county, municipality shall be sent to Coastkeeper within ten (10) days of receipt by Kingspan. Kingspan shall mail paper copies or email electronic copies of documents to Coastkeeper at the relevant notice address contained below. Alternatively, to the extent Kingspan submits such documents to the Regional Board or State Board via SMARTS, Kingspan may satisfy this requirement by providing notice to Coastkeeper via email that said documents have been uploaded to SMARTS within seven (7) calendar days of uploading said documents.

31.     <u>Compliance Monitoring</u>. Kingspan agrees to partially defray costs associated with Plaintiff's monitoring of Kingspan's compliance with this Consent Decree in the amount of: Twenty-Two Thousand Five Hundred Dollars ($22,500) to cover the first three (3) years of the term of the Consent Decree and Seven Thousand Five Hundred Dollars ($7,500) each year thereafter the Consent Decree is in effect. The first payment of Twenty-Two Thousand Five Hundred Dollars ($22,500) shall be made within thirty (30) days of the Effective Date. Each payment thereafter shall be made on January 15 of each year, beginning with January 15, 2024. All payments pursuant to this Paragraph shall be made payable to "Orange County Coastkeeper" and delivered by overnight delivery, unless payment via wire transfer, to: Orange County Coastkeeper, 3151 Airway Avenue, Suite F-110, Costa Mesa, CA 92626. Failure to submit payment as required under this Paragraph will constitute breach of the Consent Decree.

**F. Environmental Mitigation, Litigation Fees and Costs, Stipulated Penalties, and Interest**

32.     <u>Environmental Mitigation Project</u>. To remediate the alleged environmental harms resulting from allegations in the Complaint, Kingspan agrees to make a payment of Thirty Thousand Dollars ($30,000) to the Newport Bay Conservancy for projects to benefit the water quality and habitat of Newport Bay. The payment shall be made within thirty (30) days of the Effective Date payable to the "Newport Bay Conservancy" and delivered to P.O. Box 10804, Newport Beach, CA 92658. Kingspan shall provide Coastkeeper with a copy of such payment.

33.     <u>Coastkeeper's Fees and Costs</u>. Kingspan agrees to pay a total of Ninety Thousand Dollars ($90,000) to Coastkeeper to partially reimburse Plaintiff for its investigation fees and costs, expert/consultant fees and costs, reasonable attorneys' fees, and other costs incurred as a result of investigating and filing the lawsuit and

negotiating a resolution of this matter. The payment in full shall be made within thirty (30) days of the Effective Date and delivered by certified mail or overnight delivery made payable to "Orange County Coastkeeper" and delivered by overnight delivery, unless payment via wire transfer, to: Orange County Coastkeeper, 3151 Airway Avenue, Suite F-110, Costa Mesa, CA 92626.

34.    Kingspan shall make a stipulated payment of One Thousand Dollars ($1,000) for each missed deadline included in this Consent Decree, provided that Coastkeeper gives written notice to Kingspan of such missed deadline and Kingspan has not responded to Coastkeeper and cured (as necessary) such missed deadline within seven (7) business days of receipt of such notice or has received a further extension of such deadline in writing from Coastkeeper. Payments for missed deadlines shall be made to: Newport Bay Conservancy, ATTN: OCCK v. Kingspan LLC. Kingspan agrees to make the stipulated payment within thirty (30) days of a missed deadline or failure to sample. Unless otherwise timely cured after notice from Coastkeeper, Kingspan shall provide Coastkeeper with a copy of each such payment at the time it is made.

35.    <u>Interest on Late Payments</u>: Kingspan shall pay interest on any payments, fees, or costs owed to Coastkeeper under this Consent Decree that Coastkeeper has not received by the due date. The interest shall accrue starting the first day after the payment is due and shall be computed pursuant to the rate for civil judgments as set forth in <u>28 U.S.C. § 1961</u>. Interest on late payments shall be made payable to Coastkeeper and sent to the address listed in Paragraph 55, below.

**IV.    Dispute Resolution**

36.    <u>Meet and Confer</u>. Either party to this Consent Decree may invoke the dispute resolution procedures of this Section IV by notifying the other party in writing of the matter(s) in dispute and of the disputing party's proposal for resolution. The

Parties shall then meet and confer in good faith (either telephonically or in person) within ten (10) days of the date of the notice in an attempt to fully resolve the dispute no later than thirty (30) days from the date of the notice. The Settling Parties may agree to extend this time frame to a mutually agreeable date in an effort to resolve the dispute without further proceedings.

37. <u>Settlement Conference</u>. If the Parties cannot resolve the dispute within thirty (30) days of the meet and confer described in Paragraph 36 (or such longer period to which the Parties may agree), the Parties agree that the dispute may be submitted for formal resolution by filing a motion before the United States District Court for the Central District of California. The Parties agree to request an expedited hearing schedule on the motion.

38. In resolving any dispute arising from this Consent Decree before the Court, the Parties shall be entitled to seek fees and costs incurred pursuant to the provisions set forth in Section 505(d) of the Clean Water Act, <u>33 U.S.C. § 1365(d)</u>, and applicable case law interpreting such provisions.

**V.    Mutual Release of Liability and Covenant Not to Sue**

39. <u>Plaintiff's Waiver and Release of Kingspan</u>. In consideration of the above, upon the Effective Date of this Consent Decree, Plaintiff, on its own behalf and on behalf of its officers and directors, release Kingspan, its officers, directors, managers, employees, members, parents, subsidiaries, divisions, affiliates, successors or assigns, agents, attorneys and other representatives, from and waives all claims that were or could have been raised based on the allegations in the 60-Day Notice and/or the Complaint up to and including the date this Consent Decree is fully terminated, including but not limited to all claims for injunctive relief, penalties, fees (including attorney, expert and consulting fees), costs, expenses or any other sum incurred or claimed, and all such claims are hereby waived. The provisions of this Paragraph shall

survive the expiration or termination of this Consent Decree.

40. <u>Kingspan's Waiver and Release of Plaintiff</u>. In consideration of the above, upon the Effective Date of this Consent Decree, Kingspan, on its own behalf and on behalf of its officers, directors, employees, parents, subsidiaries, affiliates and each of their successors or assigns, release Plaintiff, its officers and directors, from and waives all claims related to the 60-Day Notice and/or the Complaint up to and including the date this Consent Decree is fully terminated, including but not limited to all claims for injunctive relief, penalties, fees (including attorney, expert and consulting fees), costs, expenses or any other sum incurred or claimed, and all such claims are hereby waived. The provisions of this Paragraph shall survive the expiration or termination of this Consent Decree.

41. Other than with regard to matters waived pursuant to Paragraphs 39-40, nothing in this Consent Decree limits or otherwise affects the Parties' rights to address or take any position that it deems necessary or appropriate in an informal or formal proceeding before the State Water Board, Regional Water Board, EPA, or any other judicial or administrative body on any matter relating to the General Permit or the Clean Water Act occurring or arising after the Effective Date. Notwithstanding the foregoing, Coastkeeper agrees that it will not advocate for requirements or timelines more stringent than those requirements or timelines reflected in the Consent Decree on any pending or future application for a time schedule order submitted by Kingspan to the Regional Board.

**VI.    Miscellaneous Provisions**

42. <u>No Admission</u>. The Parties enter into this Consent Decree for the purpose of avoiding prolonged and costly litigation. Nothing in this Consent Decree nor any payment pursuant to the Consent Decree shall constitute or be construed as, and Kingspan expressly does not intend to imply such constitutes or is to be construed

as, a finding, adjudication, or acknowledgement of any fact, law or liability, or an admission of violation of any law, rule, or regulation. Kingspan maintains and reserves all defenses it may have to any alleged violations that may be raised in the future. Likewise, compliance with this Consent Decree does not mean that Kingspan is complying with the General Permit, the Clean Water Act, or any other law, rule, or regulation.

43. <u>Counterparts</u>. This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document. Copies of original signatures transmitted by electronic mail in .pdf format shall be deemed to be originally executed counterparts of this Consent Decree.

44. <u>Authority</u>. The undersigned representatives for Plaintiff and Kingspan each certify that s/he is fully authorized by the party whom s/he represents to enter into this Consent Decree. A Party's signature to this Consent Decree transmitted by electronic mail shall be deemed binding.

45. <u>Construction</u>. The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined in the General Permit, the Clean Water Act, or specifically herein. The captions and paragraph headings used in this Consent Decree are for reference only and shall not affect the construction of this Consent Decree.

46. <u>Full Settlement</u>. This Consent Decree constitutes a full and final settlement of this matter.

47. <u>Integration Clause</u>. This is an integrated Consent Decree. This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the Parties and expressly supersedes any and all prior oral or written agreements, covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

48.  <u>Severability</u>. In the event that any provision, paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

49.  <u>Choice of Law</u>. The laws of the United States shall govern this Consent Decree.

50.  <u>Diligence</u>. Kingspan shall diligently file and pursue all required permit applications for the structural BMPs and shall diligently procure contractors, labor, and materials needed to complete all BMPs by the required deadlines. Notwithstanding the foregoing, Kingspan's compliance with this Consent Decree shall be excused to the extent caused by governmental permitting delays (where necessary governmental approvals have not been issued timely notwithstanding Kingspan's timely submittal of requests for such approvals) or any Force Majeure events as defined in Paragraph 54.

51.  <u>Negotiated Settlement</u>. The Settling Parties have negotiated this Consent Decree and agree that it shall not be construed against the party preparing it, but shall be construed as if the Settling Parties jointly prepared this Consent Decree, and any uncertainty and ambiguity shall not be interpreted against any one party.

52.  <u>Modification of the Consent Decree</u>. This Consent Decree, and any provisions herein, may not be changed, waived, or discharged unless by a written instrument, signed by the Parties. Any request to modify any provision of the Consent Decree, including but not limited to any deadline(s) set forth herein, must be made in writing at least fourteen (14) days before the existing deadline(s) applicable to the provision(s) proposed to be modified.

53.  <u>Assignment</u>. Subject only to the express restrictions contained in this Consent Decree, all of the rights, duties and obligations contained in this Consent Decree shall inure to the benefit of and be binding upon the Parties, and their

successors and assigns. Kingspan shall notify Plaintiff within ten (10) days of any assignment.

54. <u>Force Majeure</u>. Neither of the Parties shall be considered to be in default in the performance of any of their respective obligations under this Consent Decree when performance becomes impossible or illegal due to a Force Majeure event. A Force Majeure event is any circumstance beyond a Settling Party's control, including without limitation, any act of God, war, fire, earthquake, flood, windstorm, or natural catastrophe; criminal acts; civil disturbance, vandalism, sabotage, or terrorism; restraint by court order or public authority or agency; or action or non-action by, or inability to obtain the necessary authorizations or approvals from any governmental agency. A Force Majeure event shall not include normal inclement weather, economic hardship, inability to pay, or employee negligence. Any party seeking to rely upon this paragraph to excuse or postpone performance shall have the burden of establishing that it could not reasonably have been expected to avoid the Force Majeure event and which by exercise of due diligence has been unable to overcome the failure of performance. The Parties shall exercise due diligence to resolve and remove any Force Majeure event. Delay in compliance with a specific obligation under this Consent Decree due to force majeure as defined in this paragraph shall not excuse or delay compliance with any or all other obligations required under this Consent Decree.

55. **Mailing of Documents to Coastkeeper/Notices/Correspondence:** Any notices or documents required or provided for by this Consent Decree or related thereto that are to be provided to Coastkeeper pursuant to this Consent Decree shall be, to the extent feasible, sent via electronic mail transmission to the e-mail addresses listed below or, if electronic mail transmission is not feasible, via certified U.S. Mail with return receipt, or by hand delivery to the following address:

Orange County Coastkeeper
Attention: Sarah Spinuzzi
Airway Avenue, Suite F-110
Costa Mesa, California 92626
E-mail: sarah@coastkeeper.org

Unless requested otherwise by Kingspan, any notices or documents required or provided for by this Consent Decree or related thereto that are to be provided to Kingspan pursuant to this Consent Decree shall, to the extent feasible, be provided by electronic mail transmission to the e-mail addresses listed below, or, if electronic mail transmission is not feasible, by certified U.S. Mail with return receipt, or by hand delivery to the addresses below:

Ron Caudill
Kingspan Light & Air, LLC
302 Goetz Ave
Santa Ana, CA 92707
Email: Ron.Caudill@Kingspan.com

With a copy (which shall not constitute notice) to:
Sharon Newman
Preti Flaherty
One City Center
Portland, ME 04101
Email: snewman@preti.com

For notifications of Site Inspections pursuant to Paragraph 29, the following Kingspan representatives shall be copied:

Miguel Fernandez (Miguel.Fernandez@Kingspan.com)
Glenn Roberts (Glenn.Roberts@Kingspan.com)

56.     Notifications of communications shall be deemed submitted three (3) business days after the date that they are postmarked and sent by first-class mail, or immediately after acknowledgement of receipt via email by the receiving party. Any change of address or addresses shall be communicated in the manner described above

for giving notices.

57. Any deadlines related to this Consent Decree that fall on a weekend day or a federal holiday shall be extended to the following business day.

58. If for any reason the DOJ or the U.S. District Court for the Central District should decline to approve this Consent Decree in the form presented, the Parties shall use their best efforts to work together to modify the Consent Decree within thirty (30) days so that it is acceptable to the DOJ or the District Court. If the Parties are unable to modify this Consent Decree in a mutually acceptable manner that is also acceptable to the District Court, this Consent Decree shall immediately be null and void as well as inadmissible as a settlement communication under Federal Rule of Evidence 408 and California Evidence Code section 1152.

The Parties hereto enter into this Consent Decree and submit it to the Court for its approval and entry as a final judgment.

IN WITNESS WHEREOF, the undersigned have executed this Consent Decree as of the date first set forth below.

APPROVED AS TO CONTENT


Dated: February 4, 2021 , 2021     By: _____
                                        Garry Brown
                                        Orange County Coastkeeper


Dated: February 4, 2021 , 2021     By: _____
                                        William R. Hogan
                                        Kingspan Light & Air, LLC

APPROVED AS TO FORM

AQUA TERRA AERIS LAW GROUP

Dated: __February 4__, 2021        By: _Erica A Maharg_
                                        Erica A. Maharg
                                        Attorney for Plaintiff

PRETI FLAHERTY

Dated: __February 4__, 2021        By:_____
                                        Tyler T. Sheets
                                        Attorney for Defendant

**IT IS SO ORDERED.**            **UNITED STATES DISTRICT COURT**
                                **CENTRAL DISTRICT OF CALIFORNIA**

Dated: _____April 30_____, 2021        _David O. Carter_
                                          _____
                                          Honorable David O. Carter

# EXHIBIT A





**Exhibit A - Site Map**

Kingspan Light and Air LLC
401 E. Goetz Ave.
Santa Ana, CA 92707

Scale: 1"=~73'
Date: February 2021
Figure: 1

Legend
- Storm Drain
- Facility Boundary
- Wall
- Covered Area
- Berm
- Permeable
- Downspout Filter Coverage Area

Adjacent Properties
Adjacent Property
Adjacent Property
Goetz Ave
S Rouselle St
Oak St

Prepared By: Trinity Consultants

EXHIBIT B

<u>**EXHIBIT B**</u>

**KINGSPAN FACILITY ACCESS VISITOR RELEASE FORM AND WAIVER OF LIABILITY**

     In consideration of being allowed entry to the **KINGSPAN LIGHT & AIR LLC** (Kingspan) facility located at 302 Goetz Avenue and 401 Goetz Avenue, Santa Ana, California (the "Kingspan Site") to conduct post-settlement Site Inspections ("Site Inspections") pursuant to the consent decree entered into by and between Kingspan and Orange County Coastkeeper ("Consent Decree") in *Orange County Coastkeeper v. Kingspan Light & Air LLC*, Civil Case No. 8:20-cv-01498_____, the undersigned hereby enters into this **RELEASE OF LIABILITY AND INDEMNITY AGREEMENT** (this "Agreement") as of the date set forth below.

1.    <u>**ACKNOWLEDGMENT OF RISKS:**</u>  The undersigned recognizes and understands that there are personal risks associated with their participation in the Inspection including, but not limited to, bodily injury or death to persons and damage to property. The undersigned further acknowledges and understands that they will be held liable and responsible for any and all damage to persons, vehicles, property and/or improvements to property that is caused by them related to the undersigned's entry onto any portion of the Kingspan Site and participation in the Inspection. The undersigned agrees that they shall use due care upon entry onto any portion of the Kingspan Site, and not undertake any act that may result in injury, not interfere with any activities at any portion of the Kingspan Site, or touch or handle any materials found at the any portion of Kingspan Site.

     The undersigned further agrees that the following precautions and requirements must be observed at all times during the site visit:

    a.  Upon arrival at the facility, all visitors are required to receive and pass a COVID Safety Screen prior to entering the facility grounds;

    b.  Visitors are required to provide and wear appropriate closed-toed, flat-soled shoes, an orange or yellow safety vest, safety glasses, a hard hat, and appropriate COVID PPE at all times while on Kingspan property[1];

    c.  Visitors may not come within (6) six feet of company personnel;

    d.  Visitors may not enter Kingspan buildings or indoor areas without the permission of Kingspan;

    h.  All warning signs and barricades must be obeyed;

    i.  Do not stray from approved path on the building exterior for ingress and egress;

    k.  Be aware of and stay clear of any overhead hazards;

    f.  Smoking is prohibited;

    g.  Do not touch or walk on wires, piping, ductwork, conduit or other construction materials or products of any kind;

    h.  Climbing on ladders or scaffold is prohibited;

    i.  Do not lean on or reach beyond any handrails or barricades;

    j.  Be aware that walking surfaces may be slippery, uneven or have other impediments and that extreme care should be taken with each step; and

    k.  Do not take any photographs, video recordings or other recordings without the prior permission of Kingspan and provide copies of any photographs, videos recordings or recordings taken to Kingspan within five (5) business days after the Inspection.

2.    <u>**APPLICABILITY AND SCOPE OF RELEASES AND INDEMNITIES:**</u>  This agreement applies to any claims, lawsuits, judgments, losses, costs, expenses, liabilities, demands, or causes of action,

---

[1] All such safety equipment is to be provided by the visitors. Visitors will not be allowed access to the Kingspan Site without the above-described safety equipment.

17050420.2

and costs of defense or settlement (including, without limitation, attorney's fees and court costs), arising out of a Site Inspection, except those resulting from of Kingspan's own negligence or willful misconduct (hereinafter "Claims"). The releases, waivers and indemnities contained in this Agreement expressly shall apply to any and all Claims against Kingspan and any affiliated entities therewith, including their respective present and former officers, employees, directors, shareholders, agents, attorneys, contractors, consultants and any other representative affiliated with the Kingspan Site being visited (the "Released Parties").

**3.** **RELEASE FROM LIABILITY:** The undersigned hereby RELEASES, ACQUITS AND FOREVER DISCHARGES, and WAIVES any and all Claims against any of the Released Parties that arise from or relate to their entry and participation in the Site Inspection or coming upon any portion of the Kingspan Site and agrees not to sue any of the Released Parties for such Claims. Nothing herein shall be construed to limit, in any way, the use of any evidence obtained by and through the Site Inspection, to support any claims or issues in connection with potential dispute resolution as set forth in the Consent Decree.

**4.** **AGREEMENT TO INDEMNIFY AND HOLD HARMLESS:** Except as provided, above, the undersigned agrees to INDEMNIFY AND HOLD HARMLESS the Released Parties against any and all Claims arising from or related to the undersigned's participation in the Site Inspection or entry onto any portion of the Kingspan Site. In addition, and without limiting the foregoing, the undersigned agrees to INDEMNIFY the Released Parties for any Claims for personal injuries or property damage asserted by, through or under the undersigned, arising from or related to the undersigned's entry onto any portion of the Kingspan Site and participation in the Site Inspection. In addition, and without limiting the foregoing, the undersigned agrees to INDEMNIFY the Released Parties for any property damage they cause at any portion of the Kingspan Site during the Inspection. As used herein, "INDEMNIFY" means to agree to assume the Released Parties' liability in a situation, thereby relieving them of responsibility, and/or reimbursing the Released Party for Claims asserted against them or damages caused to any portion of the Kingspan Site, including attorneys' fees and costs. The undersigned acknowledges that she/he is not an employee of Kingspan or any Kingspan Affiliate during their visit to the Kingspan Site or any portion thereof and further acknowledges that she/he is not an employee, former employee or contractor of any competitor of Kingspan.

17050420.2

The undersigned understands that this Agreement shall be binding on her/his heirs, executors, successors and assigns, that the Agreement will be governed by the laws of California, and that jurisdiction and venue for resolution of any dispute regarding this Agreement shall lie in the United States District Court for Central District of California having jurisdiction over the Consent Decree. If any part of this Agreement is determined to be invalid or unenforceable, it does not affect the validity of the remainder of this Agreement. The undersigned agrees to the terms and conditions above and acknowledges receipt of this Agreement.

**I have read the Visitor Release Form and Waiver of Liability carefully, understand its significance, and voluntarily agree to all of its terms.**

**THIS IS A RELEASE OF LEGAL RIGHTS. READ CAREFULLY BEFORE SIGNING**


Visitor (print name): _____


Driver's License No.                                                State of Issue


Signature: _____


Date: _____

**NOTE:** All required signatures must be completed and this Form returned with a copy of a valid driver's license or other valid picture ID before the Visitor may visit the Kingspan Site or any portion thereof.

17050420.2